Debtor  Hi-Crush Inc. _____  Case number (*if known*) _____

Name

---

**Fill in this information to identify the case:**

Debtor Name        Hi-Crush Inc.

United States Bankruptcy Court for the:

Southern _____  District of   Texas _____

(State)

Case number (*If known*): _____  Chapter   11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Hi-Crush Inc. |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | Hi-Crush Augusta Acquisition Co. LLC |
| | | Hi-Crush Finance Corp. |
| | | Hi-Crush Partners LP |
| | | |
| | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 9  0  –  0  8  4  0  5  3  0 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1330 Post Oak Blvd, Suite 600 | |
| Number      Street | Number      Street |
| Houston        TX          77056 | City        State        ZIP Code |
| City        State        ZIP Code | |
| | **Location of principal assets, if different from principal place of business** |
| Harris County | |
| County | Number      Street |
| | City        State        ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.hicrushinc.com/ |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor   Hi-Crush Inc.                                                    Case number (*if known*) _____
         Name

| 7. | **Describe debtor's business** | A. *Check one:* |
|---|---|---|

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
https://www.uscourts.gov/four-digit-national-association-naics-codes

<u>1</u>   <u>4</u>   <u>0</u>   <u>0</u>

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
|---|---|---|

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    Hi-Crush Inc.                            Case number (*if known*) _____
       Name

---

**9.**    **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No

☐ Yes    District _____   When _____   Case Number _____
                                             MM / DD / YYYY

If more than 2 cases, attach a separate list.

       District _____   When _____   Case Number _____
                                             MM / DD / YYYY

---

**10.**   **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes    Debtor   See attached Schedule 1 _____   Relationship   See Attached Schedule 1

List all cases. If more than 1, attach a separate list.

       District   Southern District of Texas _____   When   Contemporaneously
                                                           MM / DD / YYYY

       Case number, if known _____

---

**11.**   **Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.**   **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

         **Why does the property need immediate attention?** (*Check all that apply.*)

         ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

             What is the hazard? _____

         ☐ It needs to be physically secured or protected from the weather.

         ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

         ☐ Other _____

         **Where is the property?** _____

             Number     Street

             _____

             _____     _____     _____
             City           State         ZIP Code

         **Is the property insured?**

         ☐ No

         ☐ Yes.   Insurance agency _____

                  Contact name _____

                  Phone _____

---

| Debtor | Hi-Crush Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

**Statistical and administrative information**

---

| 13. | **Debtor's estimation of available funds** | *Check one:* | | | |
|---|---|---|---|---|---|
| | | ☒ | Funds will be available for distribution to unsecured creditors. | | |
| | | ☐ | After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |

---

| 14. | **Estimated number of creditors** | ☐ | 1-49 | ☒ | 1,000-5,000 | ☐ | 25,001-50,000 |
|---|---|---|---|---|---|---|---|
| | | ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| | (on a consolidated basis) | ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| | | ☐ | 200-999 | | | | |

---

| 15. | **Estimated assets** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☒ | $500,000,001-$1 billion |
|---|---|---|---|---|---|---|---|
| | | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| | (on a consolidated basis) | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

| 16. | **Estimated liabilities** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☒ | $500,000,001-$1 billion |
|---|---|---|---|---|---|---|---|
| | | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| | (on a consolidated basis) | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

**Request for Relief, Declaration, and Signatures**

---

WARNING –   Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | **Declaration and signature of authorized representative of debtor** | ☒ | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|---|---|
| | | ☒ | I have been authorized to file this petition on behalf of the debtor. |
| | | ☒ | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    07/12/2020
                     MM / DD / YYYY

×    /s/ J. Philip McCormick, Jr.                                J. Philip McCormick, Jr.

Signature of authorized representative of debtor      Printed name

Title    Authorized Signatory

| Debtor | Hi-Crush Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

18. **Signature of attorney**

✗   /s/ *Timothy A. Davidson II*

Signature of authorized representative of debtor

Date   07/12/2020

MM/ DD / YYYY

Timothy A. Davidson II
Printed name

Hunton Andrews Kurth LLP
Firm name

600 Travis Street, Suite 4200
Number       Street

| Houston | Texas | 77002 |
|---|---|---|
| City | State | ZIP Code |

| 713-220-4200 | Taddavidson@huntonak.com |
|---|---|
| Contact phone | Email address |

| 24012503 | Texas |
|---|---|
| Bar number | State |

US-DOCS\115373384.10

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

------------------------------------------------------- x
In re:                                                   :   Chapter 11
                                                         :
HI-CRUSH INC., et al,[1]                                 :   Case No. 20-_____  (_____)
                                                         :
        Debtors                             :
                                                         :
------------------------------------------------------- x

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy Under
Chapter 11**

1.  If any of the debtor's securities are registered under Section 12 of the Securities Exchange
    Act of 1934, the SEC file number is  001-35630

2.  The following financial data is the latest available information and refers to the debtor's
    condition on March 31, 2020

    a.  Total assets                                                953,082,000

    b.  Total debts (including debts listed in 2.c below)          699,137,000

    c.  Debt securities held by more than 500 holders             N/A

                                     Approximate number of holders:

| | | | | |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | see comment |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | see comment |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | see comment |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | see comment |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | see comment |

    d.  Number of shares of preferred stock                       0

    e.  Number of shares of common stock             99,876,054 as of 06/22/2020

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Hi-Crush Inc. (0530), OnCore Processing LLC (9403), Hi-Crush Augusta LLC (0668), Hi-Crush Whitehall LLC (5562), PDQ Properties LLC (9169), Hi-Crush Wyeville Operating LLC (5797), D & I Silica, LLC (9957), Hi-Crush Blair LLC (7094), Hi-Crush LMS LLC , Hi-Crush Investments Inc. (6547), Hi-Crush Permian Sand LLC, Hi-Crush Proppants LLC (0770), Hi-Crush PODS LLC, Hi-Crush Canada Inc. (9195), Hi-Crush Holdings LLC , Hi-Crush Services LLC (6206), BulkTracer Holdings LLC (4085), Pronghorn Logistics Holdings, LLC (5223), FB Industries USA Inc. (8208), PropDispatch LLC, Pronghorn Logistics, LLC (4547), and FB Logistics, LLC (8641).  The Debtors' address is 1330 Post Oak Blvd, Suite 600, Houston, Texas 77056.

Comments, if any: <u>Hi-Crush Inc. does not and cannot know the precise number of beneficial holders of any of the debt securities it has issued and does not believe that any such securities are held by more than 500 holders</u>.

3.   Brief description of debtor's business:      <u>Debtor is engaged in the mining, processing, and distributing silica sand, a key input for the hydraulic fracturing of oil and gas wells.</u>

4.   List of the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: <u>None.</u>

| Fill in this information to identify the case: |
| --- |

Debtor Name      Hi-Crush Inc.

United States Bankruptcy Court for the:

Southern _____ District of    Texas _____

(State)

Case number (*If known*): _____     Chapter    11 _____

☐ Check if this is an amended filing

## <u>Schedule 1</u>

### <u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**<u>Debtors</u>**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the number assigned to the chapter 11 case of Hi-Crush Inc.

| |
| --- |
| Hi-Crush Inc. |
| OnCore Processing LLC |
| Hi-Crush Augusta LLC |
| Hi-Crush Whitehall LLC |
| PDQ Properties LLC |
| Hi-Crush Wyeville Operating LLC |
| D & I Silica, LLC |
| Hi-Crush Blair LLC |
| Hi-Crush LMS LLC |
| Hi-Crush Investments Inc. |
| Hi-Crush Permian Sand LLC |
| Hi-Crush Proppants LLC |
| Hi-Crush PODS LLC |
| Hi-Crush Canada Inc. |
| Hi-Crush Holdings LLC |
| Hi-Crush Services LLC |
| BulkTracer Holdings LLC |
| Pronghorn Logistics Holdings, LLC |
| FB Industries USA Inc. |
| FB Logistics, LLC |
| PropDispatch LLC |
| Pronghorn Logistics, LLC |

**RESOLUTIONS ADOPTED BY**
**UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF**
**HI-CRUSH INC.**

**July 12, 2020**

On this 12th day of July, 2020, the undersigned, being all of the members of the board of directors (the "**Board of Directors**") of Hi-Crush Inc., a Delaware corporation (the "**Company**," and, collectively with OnCore Processing LLC, Hi-Crush Augusta LLC, Hi-Crush Whitehall LLC, PDQ Properties LLC, Hi-Crush Wyeville Operating LLC, D & I Silica, LLC, Hi-Crush Blair LLC, Hi-Crush LMS LLC, Hi-Crush Investments Inc., Hi-Crush Permian Sand LLC, Hi-Crush Proppants LLC, Hi-Crush PODS LLC, Hi-Crush Canada Inc., Hi-Crush Holdings LLC, Hi-Crush Services LLC, BulkTracer Holdings LLC, PropDispatch LLC, Pronghorn Logistics Holdings, LLC, Pronghorn Logistics, LLC, FB Industries USA Inc., and FB Logistics LLC, the "**Companies**"), hereby consent in writing, pursuant to the provisions of applicable law, based on the advice of the Company's professionals and advisors, and after thorough discussions, to taking the following actions and adopting the following resolutions:

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board of Directors it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties, that the Company seek relief under the provisions of Chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**"); and it is further

**RESOLVED**, that the Company is hereby authorized, and each "**Authorized Person**" (as defined below) shall be, and hereby is, authorized and directed on behalf of the Company, to commence a case under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") by executing, verifying and delivering a voluntary petition in the name of the Company under Chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") in such form and at such time as the Authorized Person executing said petition shall determine; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized and directed on behalf of the Company, to seek to have its Chapter 11 Case jointly administered by the Bankruptcy Court with the separate cases commenced by the other Companies under Chapter 11 of the Bankruptcy Code (the respective Chapter 11 Case together with such other separate cases, the "**Chapter 11 Cases**"); and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized, on behalf of and in the name of the Company, to the extent applicable, to obtain the use of cash collateral, in such amounts and on such terms as may be agreed by any Authorized Person, including the grant of replacement liens or other adequate protection, as is reasonably necessary for the continuing conduct of the affairs of the Company; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized, on behalf of and in the name of the Company, to enter into such forbearance agreements, waivers, amendments or modifications, or other supplements relating to

the Company's existing indebtedness as may be deemed necessary or appropriate by such Authorized Person; and it is further

**RESOLVED**, that the Company is authorized, and each Authorized Person shall be, and hereby is, authorized, on behalf of and in the name of the Company, to the extent applicable, to enter into and seek authority from the Bankruptcy Court to enter into and/or assume the Restructuring Support Agreement, by and among the Companies and the Consenting Noteholders (as defined herein), substantially in the form presented to the Board on July 12, 2020, or similar agreements in connection with the Chapter 11 Cases and to enter into, and/or seek approval of, any agreements, documents or instruments related thereto; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to employ and retain the law firms of Latham & Watkins LLP and Hunton Andrews Kurth LLP to act as attorneys, Alvarez & Marsal North America LLC to act as financial advisor, and Lazard Frères & Co. LLC to act as investment banker for the Company in connection with the Chapter 11 Cases; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to employ and retain such further legal, restructuring, financial, accounting and bankruptcy services firms (together with the foregoing identified firms, the "**Professionals**") as may be deemed necessary or appropriate by the Authorized Person to assist the Company in carrying out its responsibilities in the Chapter 11 Cases and achieving a successful reorganization.

## Approval of Credit Facilities

**WHEREAS**, it is proposed that the Company enter into (i) that certain Senior Secured Debtor-In-Possession Credit Agreement, dated as of the date hereof (as amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "**ABL Credit Agreement**"), by and among the Company, as borrower (in such capacity, the "**Borrower**"), the Lenders and other parties from time to time party thereto (the "**ABL Lenders**") and JPMorgan Chase Bank, N.A., as administrative agent (in such capacity, the "**ABL Agent**"), and (ii) that certain Senior Secured Debtor-In-Possession Term Loan Credit Agreement, dated as of the date hereof (as amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "**Term Loan Credit Agreement**", and together with the ABL Credit Agreement, the "**Credit Agreements**"), by and among the Borrower, the Lenders and other parties from time to time party thereto (the "**Term Loan Lenders**", and together with the ABL Lenders, the "**Lenders**") and Cantor Fitzgerald Securities, as administrative agent (in such capacity, the "**Term Loan Agent**"), and each Lender and other party from time to time party thereto;

**WHEREAS**, it is proposed that the Company enter (i) into that certain Super-Priority Debtor-In-Possession Pledge and Security Agreement, dated as of the date hereof (as amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "**ABL Security Agreement**"), by and among the Borrower, the subsidiaries of the Borrower party thereto from time to time (collectively with the Borrower, the "**ABL Grantors**"), and the ABL

Agent, and (ii) that certain Super-Priority Debtor-In-Possession Pledge and Security Agreement, dated as of the date hereof (as amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "**Term Loan Security Agreement**", and together with the ABL Security Agreement, the "**Security Agreements**"), by and among the Borrower, the subsidiaries of the Borrower party thereto from time to time (collectively with the Borrower, the "**Term Loan Grantors**", and together with the ABL Grantors, the "**Grantors**"), and the Term Loan Agent;

WHEREAS, it is proposed that the Company enter (i) into that certain Guaranty Agreement, dated as of the date hereof (as amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "**ABL Guaranty**"), by and among the Guarantors party thereto from time to time (the "**ABL Guarantors**"), and the ABL Agent, and (ii) that certain Guaranty Agreement, dated as of the date hereof (as amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "**Term Loan Guaranty**", and together with the ABL Guaranty, the "**Guaranty Agreements**"), by and among the Guarantors party thereto from time to time (the "**Term Loan Guarantors**", and together with the ABL Guarantors, the "**Guarantors**"), and the Term Loan Agent;

WHEREAS, it is proposed that the Company make, or permit a designee to make, such filings and enter into those Credit Documents (as defined in each Credit Agreement) guaranties, instruments, certificates, agreements or documents necessary, desirable, convenient, appropriate, advisable or reasonably requested by each Agent to satisfy the covenants, conditions precedent and any conditions subsequent for the extension of credit under each Credit Agreement, or in connection with the performance of its obligations under such Credit Agreement and each Security Agreement (all such Credit Documents, guaranties, instruments, certificates, agreements or documents, together with each Credit Agreement, each Security Agreement and each Guaranty Agreement, the "**Credit Facility Documents**"); and

WHEREAS, the Board of Directors of the Company has determined that the execution, delivery and performance of each Credit Facility Document will benefit the Company and is in the best interest of the Company, and that the Company is hereby authorized to grant a lien on and/or pledge substantially all of its assets to secure the obligations under the Credit Facility Documents and to enter into and to perform its obligations under each Credit Facility Document.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board of Directors of the Company hereby determines that the approval of the transactions contemplated by the Credit Facility Documents and the execution, delivery and performance by the Company of such Credit Facility Documents on the terms and conditions as substantially described or provided to the Board of Directors will benefit the Company and is in the best interest of the Company;

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, loan agreements, notes, guaranties, security agreements,

pledge agreements and all other documents, agreements or instruments (collectively, the "**Credit Documents**"), and to take any and all actions that the Authorized Person deems necessary or appropriate, each in connection with the Chapter 11 Cases and/or any post-petition financing or any cash collateral usage contemplated hereby or thereby; and it is further

**RESOLVED**, that the Company is hereby authorized and directed to enter into and perform all of its obligations under the Credit Facility Documents when so executed, to deliver each such document in accordance with its terms, and to grant liens and security interests in and/or otherwise pledge any and all of its properties and assets as described in the Credit Facility Documents; and it is further

**RESOLVED**, that the Company is hereby authorized to grant a lien on, security interest in, and/or pledge any and all of its properties and assets to secure its obligations under the Credit Facility Documents and to enter into and to perform its obligations under each Credit Facility Document and that the grant of liens, security interests and pledges by the Company as contemplated in the Credit Facility Documents, and the grant of any additional liens, security interests or pledges pursuant to any additional security agreements or pledge agreements that may be required under the Credit Facility Documents, and the execution of documents, agreements and instruments in connection therewith, and the filing of financing statements to perfect or otherwise evidence such liens, security interests or pledges, are in each case hereby authorized, approved, and adopted, as applicable; and it is further

**General**

**RESOLVED**, that each Authorized Person shall be, and hereby is, authorized, with full power of delegation, in the name and on behalf of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of the Authorized Person shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any officer of the Company or any of the Professionals in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

**RESOLVED**, that any and all actions, whether previously or subsequently taken by any Authorized Person or any other person authorized to act by an Authorized Person, that are consistent with the intent and purpose of the foregoing resolutions or in connection with any matters referred to herein, shall be, and the same hereby are, in all respects, ratified, approved and confirmed; and it is further

**RESOLVED**, that for the purposes of these resolutions, the term "**Authorized Person**" shall mean and include each of the Chief Executive Officer, the Chief Financial Officer and the General Counsel, Chief Compliance Officer and Secretary of the Company; and it is further

      **RESOLVED**, that to the extent of any inconsistency between the terms of these Resolutions Adopted by Unanimous Written Consent and the by-laws of the Company (the "**By-Laws**"), the terms of these Resolutions Adopted by Unanimous Written Consent shall control and the By-Laws shall be amended hereby; and it is further

      **RESOLVED**, that these Resolutions Adopted by Unanimous Written Consent shall be governed by the laws of the State of Delaware (without regard to conflict of laws principles).

**IN WITNESS WHEREOF,** the undersigned, constituting all of the members of the Board of Directors of the Company, have executed these Resolutions Adopted by Unanimous Written Consent as of the date first set forth above.

_____
Name: Robert E. Rasmus

_____
Name: John F. Affleck-Graves

_____
Name: John Kevin Poorman

_____
Name: Joseph C. Winkler III

[Signature Page to the Unanimous Written Consent of the
Board of Directors of Hi-Crush Inc.]

**IN WITNESS WHEREOF**, the undersigned, constituting all of the members of the Board of Directors of the Company, have executed these Resolutions Adopted by Unanimous Written Consent as of the date first set forth above.

_____
Name: Robert E. Rasmus

_____
Name: John F. Affleck-Graves

_____
Name: John Kevin Poorman

_____
Name: Joseph C. Winkler III

[Signature Page to the Unanimous Written Consent of the
Board of Directors of Hi-Crush Inc.]

**IN WITNESS WHEREOF**, the undersigned, constituting all of the members of the Board of Directors of the Company, have executed these Resolutions Adopted by Unanimous Written Consent as of the date first set forth above.

_____

Name: Robert E. Rasmus


_____

Name: John F. Affleck-Graves


_____

Name: John Kevin Poorman


_____

Name: Joseph C. Winkler III

[Signature Page to the Unanimous Written Consent of the
Board of Directors of Hi-Crush Inc.]

**IN WITNESS WHEREOF**, the undersigned, constituting all of the members of the Board of Directors of the Company, have executed these Resolutions Adopted by Unanimous Written Consent as of the date first set forth above.

_____
Name: Robert E. Rasmus


_____
Name: John F. Affleck-Graves


_____
Name: John Kevin Poorman


_____
Name: Joseph C. Winkler III

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

```
------------------------------------------------------------ x
In re:                                    :    Chapter 11
                                          :
HI-CRUSH INC., et al., ¹                  :    Case No. 20-_____ (_____)
                                          :
            Debtors.                      :    (Joint Administration Requested)
                                          :
------------------------------------------------------------ x
```

**CONSOLIDATED LIST OF CREDITORS HOLDING THE**
**THIRTY LARGEST UNSECURED CLAIMS**

Hi-Crush Inc. and the entities listed in Schedule 1 to this petition (together, the "**Debtors**") each filed a petition in this Court on the date hereof for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting, among other things, authority to file a consolidated list of creditors holding the thirty largest unsecured claims (the "**Largest Unsecured Creditors List**").

The Largest Unsecured Creditors List is based on the Debtors' books and records as of July 10, 2020, and was prepared in accordance with rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Largest Unsecured Creditors List does not include persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31).

The information contained in the Largest Unsecured Creditors List shall not constitute an admission by, nor shall it be binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' rights to challenge the amount or characterization of any claim at a later date.

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Hi-Crush Inc. (0530), OnCore Processing LLC (9403), Hi-Crush Augusta LLC (0668), Hi-Crush Whitehall LLC (5562), PDQ Properties LLC (9169), Hi-Crush Wyeville Operating LLC (5797), D & I Silica, LLC (9957), Hi-Crush Blair LLC (7094), Hi-Crush LMS LLC , Hi-Crush Investments Inc. (6547), Hi-Crush Permian Sand LLC, Hi-Crush Proppants LLC (0770), Hi-Crush PODS LLC, Hi-Crush Canada Inc. (9195), Hi-Crush Holdings LLC, Hi-Crush Services LLC (6206), BulkTracer Holdings LLC (4085), Pronghorn Logistics Holdings, LLC (5223), FB Industries USA Inc. (8208), PropDispatch LLC, Pronghorn Logistics, LLC (4547), and FB Logistics, LLC (8641).  The Debtors' address is 1330 Post Oak Blvd, Suite 600, Houston, Texas 77056.

The failure to list a claim as contingent, unliquidated, or disputed does not constitute a waiver of the Debtors' rights to contest the validity priority and/or amount of such a claim.

**Fill in this information to identify the case:**

Debtor name: Hi-Crush Inc.

United States Bankruptcy Court for the Southern District of Texas (Houston Division)

Case number (If known):

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. Bank National Association as Trustee ATTN: Andrew Williams 1420 5th Avenue, 7th Floor Seattle, WA 98101 U.S. Bank National Association as Trustee ATTN: Corporate Trust 8 Greenway Plaza, Suite 1100 Houston, TX 77046-0892 | Andrew Williams EMAIL - andrew.williams3@usbank.com PHONE - 206-344-4659 FAX - 206-344-4632 Corporate Trust FAX - 713-212-3718 | 9.5% Senior Unsecured Notes | Unliquidated | | | $ 450,000,000 |
| 2 | Trinity Industries Leasing Company ATTN: Eric Marchetto 2525 N Stemmons Fwy Dallas, TX 75207 | Eric Marchetto EMAIL - eric.marchetto@trin.net PHONE - 214-589-8976 FAX - 214-589-7402 | Trade Debts | | | | $ 2,475,932 |
| 3 | Chicago Freight Car Leasing Company ATTN: Paul Deasy 425 N Martingale Rd Schaumburg, IL 60173 | Paul Deasy EMAIL - paul.deasy@crdx.com PHONE - 847-318-8000 FAX - 847-318-8045 | Trade Debts | | | | $ 2,334,479 |
| 4 | Greenbrier Leasing Company LLC ATTN: Adrian Downes One Centerpointe Drive, Suite 200 Lake Oswego, OR 97035 | Adrian Downes EMAIL - adrian.downes@gbrx.com PHONE - 503-684-7000 FAX - 503-968-4375 | Trade Debts | | | | $ 1,420,253 |
| 5 | MUL Railcars, Inc ATTN: J.T. Sharp 121 SW Morrison Street, Suite 1525 Portland, OR 97204 | J.T. Sharp EMAIL - jtsharp@mac.com PHONE - 503-208-9295 | Trade Debts | | | | $ 1,410,187 |
| 6 | Gerke Excavating Inc ATTN: Jay Gerke 15341 State Highway 131 Tomah, WI 54660 | Jay Gerke EMAIL - jjg@gerkeexcavating.com PHONE - 608-372-4203 FAX - 608-372-4139 | Trade Debts | | | | $ 1,021,706 |
| 7 | MVP Transport LLC ATTN: Mitchell Paystrup 787 Shavey Lane Springville, UT 84663 | Mitchell Paystrup EMAIL - mitchellpaystrup@gmail.com PHONE - 801-360-1153 | Trade Debts | | | | $ 937,559 |
| 8 | Canadian National Railway ATTN: Ghislain Houle 935 de La Gauchetière Street West Montreal, QC H3B 2M9 Canada | Ghislain Houle EMAIL - ghislain.houle@cn.ca PHONE - 514-399-4821 FAX - 514-399-5985 | Trade Debts | | | | $ 723,817 |
| 9 | Union Pacific Railroad Company ATTN: Jim Vena 1400 Douglas Street Omaha, NE 68179 | Jim Vena EMAIL - jimvena@up.com PHONE - 402-544-5000 | Trade Debts | | | | $ 614,100 |
| 10 | Permian Excavating LLC ATTN: Jay Gerke 15341 State Hwy 131 Tomah, WI 54660 | Jay Gerke EMAIL - jjg@gerkeexcavating.com PHONE - 608-372-4203 FAX - 608-372-4139 | Trade Debts | | | | $ 507,133 |
| 11 | KimberCo Services LLC ATTN: Sonia Gutierrez 2027 Zacate Drive Odessa, TX 79765 | Sonia Gutierrez EMAIL - sonia.g@kimbercollc.com PHONE - 432-556-2602 | Trade Debts | | | | $ 488,805 |
| 12 | Norfolk Southern Railway Company ATTN: Mark George 3 Commercial Place Norfolk, VA 23510 | Mark George EMAIL - mark.george@nscorp.com PHONE - 757-629-2680 FAX - 757-533-4872 | Trade Debts | | | | $ 353,970 |

Debtor:   Hi-Crush Inc.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim: If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | CIT Group ATTN: Randy Kaploe 30 S. Wacker Drive, Suite 2900 Chicago, IL 60606 | Randy Kaploe EMAIL - randy.kaploe@cit.com PHONE - 855-462-2652 FAX - 312-906-5833 | Trade Debts | | | | $        309,381 |
| 14 | Texas Specialty Sands ATTN: Stuart Weinman 300 Throckmorton Street, Suite 300 Fort Worth, TX 76102 | Stuart Weinman EMAIL - stuart.weinman@tssands.com PHONE - 817-420-7474 | Trade Debts | | | | $        270,231 |
| 15 | Bridge Funding Group Inc. ATTN: Dan McKew 215 Schilling Circle, Suite 100 Hunt Valley, MD 21031 | Dan McKew EMAIL - dmckew@bridgeunited.com PHONE - 305-569-2049 FAX - 786-313-1139 | Trade Debts | | | | $        270,021 |
| 16 | Riverside Rail 1 LLC ATTN: Larry Littlefield One Centerpointe Drive Suite 200 Lake Oswego, OR 97035 | Larry Littlefield EMAIL - lelittlefield@gmail.com PHONE - 503-684-7000 FAX - 503-684-7553 | Trade Debts | | | | $        265,000 |
| 17 | Charco III Inc. ATTN: Pam Charles 216 W Market St Clearfield, PA 16830 | Pam Charles EMAIL - pam.charles@charco3.com PHONE - 814-765-3404 | Trade Debts | | | | $        239,064 |
| 18 | Maverick Logistics Services LLC ATTN: Sean Mosher 611 W Commerce St Eastland, TX 76448 | Sean Mosher EMAIL - sean@mavericklogistics.us PHONE - 254-334-1530 | Trade Debts | | | | $        216,194 |
| 19 | Atlas Sand Company, LLC ATTN: Hunter Wallace 5918 W. Courtyard Dr., Ste. 500 Austin, TX 78730 | Hunter Wallace EMAIL - hwallace@atlassand.com PHONE - 512-220-1200 | Trade Debts | | | | $        199,956 |
| 20 | Oakdale Electric Cooperative ATTN: Rose Bartholomew 489 N. Oakwood St Tomah, WI 54660 | Rose Bartholomew EMAIL - roseb@oakdalerec.com PHONE - 608-372-4131 | Trade Debts | | | | $        180,168 |
| 21 | Heyl Patterson Thermal Processing LLC ATTN: Doug Schieber 400 Lydia Street Carnegie, PA 15106 | Doug Schieber EMAIL - dschieber@carriervibrating.com PHONE - 412-788-9810 | Trade Debts | | | | $        177,487 |
| 22 | Tex Energy Resources LLC ATTN: Santos-Sonia Uvalle 508 N Grandview Ave Odessa, TX 79762 | Santos-Sonia Uvalle EMAIL - texenergyresources@gmail.com PHONE - 432-272-0706 FAX - 432-614-1455 | Trade Debts | | | | $        166,288 |
| 23 | Newpark Mats & Integrated Services LLC ATTN: Matthew Lanigan 410 17th Street, Suite 770 Denver, CO 80202 | Matthew Lanigan EMAIL - mlanigan@newpark.com PHONE - 303-475-2631 FAX - 720-904-7970 | Trade Debts | | | | $        162,856 |
| 24 | The Kunkle Group, LLC ATTN: Kelli Houser 8509 RT 954 HWY N Creekside, PA 15732 | Kelli Houser EMAIL - kunklegroup@gmail.com PHONE - 724-397-8024 | Trade Debts | | | | $        154,331 |
| 25 | Bowlin Enterprises ATTN: Jon Bowlin 9475 Linwood Avenue Shreveport, LA 71106 | Jon Bowlin EMAIL - jbowlin@endeco.net PHONE - 903-935-9369 FAX - 919-231-2607 | Trade Debts | | | | $        150,000 |
| 26 | Modern Material Services LLC dba Arrow Material Services C/O Young Conaway Stargatt & Taylor, LLP ATTN: Kara Hammond Coyle Rodney Square 1000 North King Street Wilmington, DE 19801 | Kara Hammond Coyle EMAIL - kcoyle@ycst.com PHONE - 302-571-6600 FAX - 302-576-3472 | Trade Debts | | | | $        144,407 |
| 27 | Professional Trucking Services LLC ATTN: Max Gonzalez, Jr. 1501 South Loop 288 #104-305 Denton, TX 76205 | Max Gonzalez, Jr. EMAIL - max@pro-trucking.com PHONE - 432-236-0039 | Trade Debts | | | | $        132,543 |
| 28 | Superior Industries, Inc. ATTN: Jarrod Felton 315 E Highway 28 Morris, MN 56267 | Jarrod Felton EMAIL - jarrod.felton@superior-ind.com PHONE - 320-589-2406 FAX - 320-585-5644 | Trade Debts | | | | $        123,574 |

Debtor:   Hi-Crush Inc.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 STAAR Logistics<br>ATTN: Crystal Neill<br>560 Myrtle St<br>Reynoldsville, PA 15851 | Crystal Neill<br>EMAIL - cneill@staarlogistics.com<br>PHONE - 814-612-2115<br>FAX - 814-612-2059 | Trade Debts | | | | $ 120,585 |
| 30 Sandbros Logistics LLC<br>ATTN: Latoya Jones<br>3616 N County Rd 1148<br>Midland, TX 79705 | Latoya Jones<br>EMAIL - info@sandbrosllc.com<br>PHONE - 432-308-1537 | Trade Debts | | | | $ 113,825 |

Fill in this information to identify the case:

Debtor Name     Hi-Crush Inc.

United States Bankruptcy Court for the:

Southern             District of    Texas
                                           (State)

Case number (*If known*): _____     Chapter    11

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐   *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*
- ☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐   *Schedule H: Codebtors (Official Form 206H)*
- ☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐   *Amended Schedule _____*
- ☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☐   *Other document that requires a declaration_____*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    07/12/2020 _____
           MM / DD / YYYY

✗/s/ *J. Philip McCormick, Jr.*
Signature of individual signing on behalf of debtor

J. Philip McCormick, Jr.
Printed name

Authorized Signatory
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

------------------------------------------------------------ x

In re:                                                  :    Chapter 11
                                                        :
HI-CRUSH INC.                                           :    Case No. 20-_____ (_____)
                                                        :
              Debtor.                                   :
                                                        :
------------------------------------------------------------ x

**LIST OF EQUITY HOLDERS**

Pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure, the following is a list equity security holders:[1]

| Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Cede & Co (Fast Account) | PO Box 20 Bowling Green Station New York NY 10004 | 98.26% |
| Blessed & Favored Investments LLC Attn Mr Jay Alston | 904 West Idaho Street Hammond LA 70401 | 1.41% |
| Robert E Rasmus | 1330 Post Oak Blvd Ste 600 Houston TX 77056 | 0.14% |
| Joseph C Winkler III | 635 Lornmead Houston TX 77024 | 0.01% |
| Martha Romig | 22439 S Rebecca Burwell Katy TX 77056 | < 0.01% |
| Andrea Horning | 11390 Kalispell Street Commerce City CO 80022 | < 0.01% |
| Mike Mesrobian | 2298 West 28th Unit 039 Denver CO 80211 | < 0.01% |
| Christian Ayala | 1330 Post Oak Blvd Suite 600 Houston TX 77056 | < 0.01% |
| Augustine Cantu | 1330 Post Oak Blvd Suite 600 Houston TX 77056 | < 0.01% |
| Fred P Swing Tr 10/04/06 Frederick P Swing Rev Trust | 24010 Harborview Rd Port Charlotte Fl 33980 | < 0.01% |
| Willaim Terry Golden | 11472 Alabama Highway 172 Odenville Al 35120-4359 | < 0.01% |

---

[1]   Hi-Crush Inc. does not and cannot know the precise holdings or identity of the beneficial holders of its publicly traded common stock.  Therefore, Hi-Crush Inc. is listing the registered holders of its publicly traded common stock.

Fill in this information to identify the case:

Debtor Name     Hi-Crush Inc.

United States Bankruptcy Court for the:

Southern                              District of    Texas
                                                     (State)

Case number (*If known*):  _____   Chapter    11

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐   *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*
- ☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐   *Schedule H: Codebtors (Official Form 206H)*
- ☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐   *Amended Schedule* _____
- ☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒   *Other document that requires a declaration* List of Equity Holders _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    07/12/2020                     ✖ */s/ J. Philip McCormick, Jr.*
               MM / DD / YYYY                 Signature of individual signing on behalf of debtor

                                              J. Philip McCormick, Jr.
                                              Printed name

                                              Authorized Signatory
                                              Position or relationship to debtor

US-DOCS\115373384.10

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

```
---------------------------------------------------------- x
In re:                                 :    Chapter 11
                                       :
HI-CRUSH INC.                          :    Case No. 20-_____ (_____)
                                       :
            Debtor.                    :
                                       :
---------------------------------------------------------- x
```

## <u>CORPORATE OWNERSHIP STATEMENT</u>

   Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, there are no corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests.

Fill in this information to identify the case:

Debtor Name     Hi-Crush Inc.

United States Bankruptcy Court for the:

<u>Southern</u>     District of    <u>Texas</u>

                      (State)

Case number (*If known*): _____    Chapter   <u>11</u>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule* _____

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    *Other document that requires a declaration* <u>Corporate Ownership Statement.</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   <u>07/12/2020</u>        ✗ <u>/s/ J. Philip McCormick, Jr.</u>
        MM / DD / YYYY          Signature of individual signing on behalf of debtor

                                     <u>J. Philip McCormick, Jr.</u>
                                     Printed name

                                     <u>Authorized Signatory</u>
                                     Position or relationship to debtor